UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:18-cr-412-TPB-TGW

HIGINIO NOYA-RODRIGUEZ,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Higinio Noya-Rodriguez's motion for compassionate release, filed *pro se* on June 30, 2025. (Doc. 168). No response from the United States is needed. After reviewing the motion, case file, and the record, the Court finds as follows:

Defendant was indicted on September 18, 2018, for conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On March 4, 2021, Judge John L. Badalementi sentenced Defendant to 70 months' imprisonment, followed by 60 months' supervised release.[1] (Docs. 141; 143). Defendant now seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been

---

[1] The guideline range defaulted to the mandatory minimum of 120 months' imprisonment. The United States filed a motion for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines based on Defendant's substantial assistance, requesting a three-level reduction which permitted the Court to sentence Defendant below the mandatory minimum. Subtracting for the substantial reduction resulted in an advisory guideline range of 70 to 87 months.

imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[2] The Court acknowledges that an immigration detainer may not preclude a defendant from being eligible for compassionate release. But being subject to an immigration detainer that has not yet been acted upon certainly does not itself present any extraordinary or compelling reason justifying release. In addition, rehabilitation alone is insufficient to establish an extraordinary and compelling reason for compassionate release.

Even if the Court were to find that the immigration detainer or Defendant's

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

rehabilitative programming constituted an extraordinary and compelling reason that could qualify Defendant for compassionate release, the applicable Section 3553(a) factors weigh heavily against granting compassionate release in this case. Defendant has notable criminal history – *including a prior conviction for conspiracy to possess with intent to distribute cocaine. And upon his release, he violated the terms of his supervised release on three occasions, and his release was subsequently revoked. Not long after he was released from his revocation sentence, he committed the acts that resulted in his conviction in this case.* Given this history Defendant's request for compassionate release is, frankly, ridiculous. And given the seriousness of Defendant's crimes, along with his criminal history, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers, in Tampa, Florida, this 28th day of August, 2025.

                                                 TOM BARBER
                                                 UNITED STATES DISTRICT JUDGE